IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHNNY DAVID HOLT-BEY #290814 | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL ACTION NO. WMN-06-805 |
| | : | |
| STATE OF MARYLAND | : | |
| Respondent | : | |

**<u>MEMORANDUM</u>**

On March 22, 2006, Johnny David Holt-Bey, a Maryland prisoner presently incarcerated at the Maryland Correctional Institution at Hagerstown ("MCI-H"), filed a *pro se* petition seeking mandamus relief to compel the state courts to provide him with a hearing on a motion to dismiss counsel which apparently was filed and scheduled May, 2000, but never held. Petitioner shall be granted leave to proceed *in forma pauperis*.

The petition has been construed as a mandamus request filed pursuant to 28 U.S.C. § 1361. Insofar as Petitioner seeks to compel the state courts to recognize that the scheduled hearing was never held, a federal court cannot compel state judicial officials to take action. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). To the extent that Petitioner is using this petition in an attempt to set aside his June 6, 2000, conviction in the Circuit Court for Washington County for distribution of cocaine, the undersigned will deny relief, it appearing that the petition may be an attempt to file a second or successive habeas corpus attack on this conviction.[1]

The Anti-Terrorism and Effective Death Penalty Act of 1996, effective April 24, 1996,

---

[1] Habeas corpus relief was denied with prejudice by this Court on February 23, 2004. *See Holt-Bey v. Sacchet*, Civil Action No. WMN-03-2400, Docket Nos. 11 and 12 (D. Md. 2003). The judgment was affirmed on appeal. *Id*., Docket No. 14.

amended 28 U.S.C. §2244(b)(3)(A) to provide:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In light of this provision, this court has no jurisdiction to consider the petition as an attack on Petitioner's 2000 conviction unless authorized to do so by the United States Court of Appeals for the Fourth Circuit. Accordingly, a separate Order shall be entered dismissing this cause of action.

/s/

Date: April 4, 2006      _____
                              William M. Nickerson
                              Senior United States District Judge